# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1358-23

K.C.,[1]

      Plaintiff-Respondent,

v.

J.C.,

      Defendant-Appellant.

_____

        Submitted November 6, 2024 – Decided November 25, 2024

        Before Judges Sumners and Bergman.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-0953-24.

        Hark and Hark, attorneys for appellant (Michael J. Collis, on the brief).

        Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the confidentiality of the victim in these proceedings. R. 1:38-3(d)(10).

Defendant J. C. appeals from the November 1, 2023 final restraining order (FRO) entered against him under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Defendant submits the Family Part judge erred by failing to inform him of his right to be represented by counsel and denying his request to seek an attorney. We agree and vacate the FRO and remand for a new trial.

I.

On October 19, 2023, plaintiff filed a complaint against defendant, his son, under the PDVA. The complaint alleged defendant committed terroristic threats, N.J.S.A. 2C:12-3; harassment, N.J.S.A. 2C:33-4 and cyber harassment, N.J.S.A. 2C:33-4.1. On that date, a temporary restraining order (TRO) was entered barring defendant from having contact with plaintiff.

At the November 1, 2023 trial, both parties appeared self-represented. The trial judge provided instructions to defendant concerning the consequences if an FRO was entered and informed plaintiff of his burden of proof to be granted a FRO.

A-1358-23

Plaintiff testified to the factual basis supporting his request for the FRO[2]. The court then turned to defendant and asked if he wished to cross-examine the plaintiff. Defendant answered in the negative.

The following colloquy between the judge and defendant then took place:

| JUDGE: | All right. Sir, do you wish to testify in your own defense? |
|---|---|
| DEFENDANT: | To seek an attorney? Can I seek an attorney? |
| JUDGE: | Sir, we've already started the trial. |
| DEFENDANT: | (indiscernible) I'm not used to — this is my first time having – |
| JUDGE: | Is there any testimony that you'd like to provide to the [c]ourt? |
| DEFENDANT: | I don't know — exactly what that means sir. |
| JUDGE: | Okay. Well, you've heard the plaintiff telling his side of the story. Is there anything you'd like to tell the [c]ourt regarding your side of the story, for instance? |

---

[2]  Because defendant has not appealed the trial court's basis for entering the FRO, we determine the substantive testimony of the parties' concerning the grounds for the FRO and the court's reasons in entering the FRO are not relevant to the issues in this appeal and are not addressed herein. We make no determination concerning the merits of these claims or defenses.

3

DEFENDANT:    I could tell— I could tell my side of the story?

After defendant testified, plaintiff asked one question on cross-examination and rested.   Thereafter, the judge made findings of fact and conclusions of law under Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006) and entered an FRO against defendant.

## II.

Defendant argues a single point on appeal:

> THE TRIAL COURT FAILED TO ADVISE DEFENDANT OF HIS RIGHT TO AN ATTORNEY.

We are guided by the following principles.   "[O]rdinary due process protections apply in the domestic violence context, notwithstanding the shortened time frames for conducting a final hearing that are imposed by the statute." J.D. v. M.D.F., 207 N.J. at 478 (App. Div. 2023).   "[E]nsuring that defendants are not deprived of their due process rights requires our trial courts to recognize both what those rights are and how they can be protected consistent with the protective goals of the [PDVA]."   Id. at 479.   Due process requires defendants be given "a meaningful opportunity to defend against a complaint." D.N. v. K.M., 429 N.J. Super. 592, 606 (App. Div. 2013).

The right to counsel is an important due process right of a defendant in an action under the PDVA. A.A.R. v. J.R.C., 471 N.J. Super. 584, 588 (App. Div. 2022). While this right does not guarantee the appointment of counsel, it does require "a defendant understand[] that [they have] a right to retain legal counsel and receive a reasonable opportunity to retain an attorney." Ibid.

The granting or denial of an adjournment request is at the discretion of the trial judge. Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 575 (2003). Our courts have long and consistently held to the general standard of review that an appellate court will reverse for failure to grant an adjournment only if the trial court abused its discretion, causing a party a "manifest wrong or injury." State v. Hayes, 205 N.J. 522, 537 (2011) (citation omitted). "Calendars must be controlled by the court, not unilaterally by [the parties], if civil cases are to be processed in an orderly and expeditious manner." Vargas v. Camilo, 354 N.J. Super. 422, 431 (App. Div. 2002).

Due process allows litigants a meaningful opportunity to defend against a complaint in domestic violence matters, which would include the opportunity to seek legal representation, if requested. Franklin v. Sloskey, 385 N.J. Super. 534, 540-41 (App. Div. 2006). "[E]nsuring that defendants are not deprived of their due process rights requires our trial courts to recognize both what those rights

5

are and how they can be protected consistent with the protective goals of the Act." J.D., 207 N.J. at 479.

III.

As noted above, the record demonstrates the judge did not inform defendant of his right to be represented by legal counsel in advance of trial nor that defendant voluntarily and knowingly waived his right to counsel.

We also note the defendant's mid-trial request to seek counsel would have required the trial to be adjourned. We further observe the judge failed to substantively address defendant's request to "seek counsel" by responding "the trial has already started." Thereafter, the judge's continuation of the hearing served as an implicit denial of defendant's request to adjourn the trial to have a reasonable opportunity to seek an attorney.

Guided by the noted principles, we conclude the court mistakenly applied its discretion by its failure to instruct defendant of his right to be represented by legal counsel in advance of trial, by not taking testimony concerning whether defendant knowingly and voluntarily waived his right to counsel and by not adequately addressing the defendant's request to seek counsel made during trial.

Although we can appreciate the need for the judge to have control over management of his trial list and we recognize the trial in this matter had already

6

started, we discern there would be no undue prejudice to plaintiff since the TRO protections would have remained in effect. We also determine there would not have been a significant interruption to the trial schedule by the granting of a short adjournment for defendant to be given the opportunity to meet with and retain legal counsel.

The complaint and TRO also reflect this date was the first trial listing. This was not a situation, as sometimes occurs, where a domestic violence litigant is granted an adjournment to obtain counsel and then appears at the rescheduled hearing without an attorney. Nothing in the record reasonably suggests that defendant's request to seek legal counsel was designed only to create delay. Id. at 480.

Finally, we are constrained to remand to a different judge. Since "the [judge] previously made credibility findings, we deem it appropriate that the matter be assigned to a different trial [judge]." R.L. v. Voytac, 199 N.J. 285, 306 (2009); see also Matter of Guardianship of R., 155 N.J. Super. 186, 195 (App. Div. 1977) (remanding to a different trial judge, where "[t]he judge who heard the matter below ha[d] already engaged in weighing the evidence and ha[d] rendered a conclusion on the credibility of the . . . witnesses.").

Reversed and remanded for a new trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1358-23